**Edelson PC**

350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654
t 312.589.6370 f 312.589.6378

www.edelson.com

September 15, 2014

<u>**VIA CM/ECF FILING**</u>

Honorable Stephen C. Mannion
United States District Court
50 Walnut Street, Courtroom MLK
Newark, New Jersey 07102

      Re:   *Hossfeld v. RCI, LLC*, No. 2:13-cv-03601
            <u>Initial Discovery Letter in Light of Deadline to Complete Fact Discovery</u>

Dear Judge Mannion:

      Our firm represents Plaintiff Robert Hossfeld in the above-referenced matter.[1] We submit this letter following my office's discussion on Friday, September 12, 2014, with Your Honor's Chambers regarding the impending fact discovery cutoff of September 15, 2014 and the telephonic status conference set for September 22, 2014. (*See* Dkt. 20.)

      Throughout this matter, Defendant RCI has disputed its involvement in the allegedly unauthorized telephone calls at issue. Given the Parties' ongoing dispute in that regard, Magistrate Judge Arleo—to whom this case was previously assigned—suggested that RCI provide Plaintiff a declaration detailing its lack of involvement in the calls and that upon receipt of the same, Plaintiff agree to voluntarily dismiss his claims. RCI circulated a draft declaration to that effect on March 13, 2014. On March 23, 2014, my firm circulated certain revisions to the declaration, but RCI ultimately refused to sign the revised declaration or make any additional revisions thereto. Accordingly, the Parties proceeded with discovery. In question now (as we described to Chambers on Friday) are the deficiencies perceived by Plaintiff in RCI's written discovery responses.

      In an effort to resolve those issues as amongst the Parties, my office served a letter outlining Plaintiff's perceived deficiencies in RCI's discovery responses on September 5th and requested that the Parties meet and confer to discuss the same. The following week, we also requested defense counsel's availability for a telephone conference with Your Honor pursuant to Civ. Rule 37.1(a)(1). On September 12th, defense counsel suggested that the Parties meet and confer on September 16th, to which Plaintiff agreed, with the caveat that a telephonic

---

[1] Mr. Hossfeld alleges on behalf of himself and a class of similarly situated individuals that Defendant RCI, LLC ("RCI" or "Defendant") placed unauthorized prerecorded telephone calls regarding vacation offers to thousands of individuals nationwide, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

**Illinois / Colorado / California**

**Edelson PC**  *Hossfeld v. RCI LLC*, No. 2:13-cv-03601
Discovery Dispute Letter
Page 2 of 2

discovery dispute conference would still need to be set with Your Honor prior to that day or, in the alternative, the Parties would need to agree to an extension of the discovery cutoff.

Also on September 12th, Ms. Courtney Booth of my office contacted Your Honor's Chambers regarding the outstanding discovery issues, the availability of the Court to proceed with a discovery dispute conference, and related scheduling. She was informed that there are no discovery dispute conferences available in September and that the best way to proceed would be to file a joint letter that discusses the Parties' respective positions on the outstanding discovery issues, at least three days prior to the September 22nd telephonic status conference. When Ms. Booth expressed concern that the joint letter would then be submitted after the September 15th discovery cutoff, she was told that Plaintiff could file the instant letter via the Court's CM/ECF electronic filing system prior to the filing of a discovery dispute letter.

In light of the foregoing, Plaintiff respectfully submits this letter in an effort to alert the Court of the Parties' discovery dispute before the close of fact discovery and the filing of an anticipated joint discovery dispute letter (or Plaintiff's individual discovery dispute letter, if necessary).

Thank you for your time and attention in this matter.

Respectfully,

EDELSON PC

Benjamin H. Richman
(Counsel for Plaintiff Hossfeld)

**Illinois / Colorado / California**