**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>RCI, LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Action No.<br><br>2:13-CV-03601-SDW-SCM<br><br>**ORDER GRANTING INFORMAL MOTION TO AMEND THE SCHEDULING ORDER AND**<br><br>**AMENDED SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on September 22, 2014 by way of telephone conference and informal motions to compel discovery and amend the scheduling order, and having considered the arguments of all counsel and for good cause having been shown,

**IT IS** on this Monday, September 22, 2014 ordered that the Scheduling Order is hereby amended as follows:

1. **Motion Practice:** No motions are to be filed without leave from this Court. All dispositive motions must first be the subject of a dispositive motion pre-hearing. These pre-requisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b), and L. Civ. R. 78.1.

2. **Pro Hac Vice Application(s)**: Local counsel must appear for all in-person and telephone conferences with the Court, sign all papers and stipulations per L.Civ.R. 101.1 (c)(4).

3. **Declaration:** Counsel shall meet and confer regarding the language for defendant's declaration and report their progress to the Court in wiring by 10/13/14.

4. **Fact Discovery Deadline**: Fact discovery is to remain open through 12/12/2014. Discovery should be produced on a rolling basis. All fact witness depositions must be completed by the close of fact discovery. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

5. **Expert Disclosures:**  The parties have a continuing obligation to supplement and amend their initial disclosures.  The names and subject of expected testimony of all affirmative expert witnesses shall be delivered **no later than 30 days** before the end of fact discovery.  The names and subject of expected testimony of all rebuttal expert witnesses shall be delivered **no later than 10 days** after the date due for the affirmative expert report(s), provided such report(s) have been served.

6. **Depositions**:  Plaintiff is to serve its 30(b)(6) deposition notice for defendant and defendant shall issue is deposition notice for plaintiff by 10/20/14.  The number of depositions to be taken by each side shall not exceed **ten (10)**.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless privilege is implicated.

    a. If a dispute arises at a deposition, then the parties shall contact Magistrate Judge Mannion during the deposition.

    b. If this case involves multi-party litigation with several attorneys, counsel are to meet and confer regarding deposition dates.  If there is an impasse and counsel (other than the attorney who noticed the deposition and the attorney defending the deposition) are not available, scheduled depositions should go forward.  The unavailable counsel should appear by telephone, send a substitute attorney to cover, etc.

    c. If fact questions, beyond pedigree are asked of a Fed. R. Civ. P. 30(B)(6) witness, the Court may count the deposition as both a fact and a 30(B)(6) deposition.  The transcript should reflect which responses are made as a fact witness and which are made as a 30(B)(6) witness.

7. **Agenda Letter**:  The parties will file a joint letter (up to five pages) with the Court on 12/10/2014 itemizing the issues, <u>if any</u>, that need to be discussed in the upcoming telephone conference.

8. **Telephone Conference**:  The court will hold a brief telephone conference regarding discovery on 12/17/2014 **at 10:15 a.m.** Counsel for defendant shall initiate the call.  Additional conferences may be scheduled by the Court via text order every 90 to 120 days or as necessary.

9. **Dispositive Motions:** All dispositive motions shall be discussed with the Magistrate Judge in advance of filing.  Each party seeking to file a dispositive motion shall submit a letter (up to 5 pages) summarizing the legal basis for their proposed motions and the key undisputed facts upon which it will be based.  Do not include exhibits.  Any opposition letters may not exceed 5 pages.  Motions for summary judgment shall be filed by 1/16/2015  *See* Fed. R. Civ. P. 56(b); Local Civ.R. 7.1.  Opposition is to be filed within ten days.  Replies are to be filed within seven days.  The motion will returnable before

    the Hon. Susand D. Wigenton, U.S.D.J., and the Judge's chambers will advise whether oral argument will be requested.

10. **Facsimiles:** Judge Mannion will accept the following correspondence by facsimile up to five pages (plus the cover sheet): (a) joint discovery plans; (b) confidential settlement positions; (c) proposed orders; (d) letters advising that settlement has been reached; and truly emergent correspondence.  Courtesy copies of motion papers and exhibits should be delivered to the Court by mail or other carrier.  Counsel should obtain permission from Chambers to fax any other documents.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS. See Fed.R.Civ.P. 16(f) and 37.**

*/s/ Steve C. Mannion*
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/22/2014 5:18:14 PM